# Exhibit A

FILED
12/30/2020 12:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L013848

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JANE ROE, an Illinois Citizen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:     **2020L013848** |
| | ) | |
| ASPEN DENTAL MANAGEMENT, INC., | ) | |
| ABD DENTAL ASSOCIATES, LLC, | ) | |
| ABIGAIL BRIER, D.M.D., and ARMANI | ) | |
| ALEXANDER, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| HIRERIGHT, LLC, | ) | |
| | ) | |
| Respondent-in-discovery, | ) | |

## COMPLAINT AT LAW

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and complaining of the Defendants, ASPEN DENTAL MANAGEMENT, INC. ("ASPEN DENTAL"), ABD DENTAL ASSOCIATES, LLC ("ABD"), ABIGAIL BRIER, D.M.D. ("BRIER"), and ARMANI ALEXANDER ("ALEXANDER"), states as follows:

### Facts Common to All Counts

1. At all times relevant, JANE ROE was a resident of Cook County, Illinois.

2. At all times relevant, ASPEN DENTAL was a duly licensed corporation.

3. At all times relevant, ABD was a limited liability company.

4. At all times relevant, BRIER was a doctor of medicine in dentistry.

5. At all times relevant, ALEXANDER was a resident of Cook County, Illinois.

6. On or about October 7, 2013, ALEXANDER was arrested in Carbondale Illinois for criminal trespass to residence and battery at Southern Illinois University ("SIU").

1

FILED DATE: 12/30/2020 12:45 PM    2020L013848

7.      On and before October 7, 2013 ALEXANDER would unlawfully enter female dorm rooms at SIU while female students were sleeping and perform a perverse act upon the sleeping female students.

8.      On and before October 7, 2013 ALEXANDER would unlawfully enter dorm rooms where female students were sleeping and would pour a solution of water and an unknown white substance onto female victims.

9.      The SIU police identified six woman who were victims of ALEXANDER's perverse acts.

10.     As a result of the investigation of the SIU Police, ALEXANDER was arrested.

11.     As a result of the perverse  acts, ALEXANDER was no longer allowed to live in the dorm.

12.     ALEXANDER admitted to the SIU Police that he did perform the perverse acts.

13.     On or about October 25, 2013, in connection with the aforementioned conduct, ALEXANDER was charged with five counts of criminal trespass to residence and three counts of battery.

14.     On or about February 28, 2014, ALEXANDER pled guilty to criminal trespass to real property.

15.     At all times relevant, BRIER was the agent and/or employee of ASPEN DENTAL and at all times relevant was acting within the scope of her agency and/or employment.

16.     At all times relevant, BRIER was the agent and/or employee of ABD and at all times relevant was acting within the scope of her agency and/or employment.

17.     At all times relevant, ASPEN DENTAL, ABD, and BRIER, and each of them, owned, operated, managed, maintained, and controlled a dental practice commonly known as

FILED DATE: 12/30/2020 12:45 PM   2020L013848

"Aspen Dental," located at 13442 S. Cicero Avenue, Crestwood, County of Cook, Illinois ("Crestwood Aspen Dental").

18.     On or about August 12, 2020, ASPEN DENTAL, ABD, BRIER and other agents and employees of ASPEN DENTAL, including Matthew Heald, hired ALEXANDER as a dental hygienist at the Crestwood Aspen Dental.

19.     Prior to hiring ALEXANDER as a dental hygienist, ASPEN DENTAL, ABD, BRIER and other agents and employees of ASPEN DENTAL, including Matthew Heald, had a duty to perform a criminal background check.

20.     Prior to hiring ALEXANDER as a dental hygienist, ASPEN DENTAL, ABD, BRIER and other agents and employees of ASPEN DENTAL, including Matthew Heald, had a criminal background check of ALEXANDER performed.

21.     The criminal background check of ALEXANDER was flagged for criminal activity arising from ALEXANDER's 2013 conduct and 2014 guilty plea.

22.     Notwithstanding the fact that the criminal background check of ALEXANDER was flagged for criminal activity arising from ALEXANDER's 2013 conduct and 2014 guilty plea, ALEXANDER was hired by ASPEN DENTAL, ABD, and BRIER as a dental hygienist at the Crestwood Aspen Dental on or about August 12, 2020.

23.     On and prior to October 22, 2020, while performing work on behalf of ASPEN DENTAL, ABD, and BRIER, ALEXANDER, placed hidden cameras in the bathroom at Crestwood Aspen Dental for the purpose of filming employees and patrons of Crestwood Aspen Dental using said bathroom.

24.     Prior to October 22, 2020, JANE ROE was recorded using the bathroom on cameras placed by ALEXANDER.

FILED DATE: 12/30/2020 12:45 PM    2020L013848

25.    ALEXANDER did not obtain consent from JANE ROE prior to filming her in the restroom.

26.    On October 22, 2020, one of the cameras placed by ALEXANDER was discovered in the unisex bathroom at the Crestwood Aspen Dental and was turned over to the Crestwood Police Department.

27.    On October 22, 2020, ALEXANDER admitted to placing the camera in the bathroom.

28.    On October 22, 2020, ALEXANDER was arrested by the Crestwood Police Department and charged with multiple misdemeanor counts related to his recording of persons in the bathrooms at the Crestwood Aspen Dental.

29.    On October 23, 2020, agents and/or employees of ASPEN DENTAL and ABD DENTAL, including BRIER, Robert Fontana, and Matthew Heald, assured plaintiff, JANE ROE, that the Crestwood Aspen Dental was checked and that there were no other cameras.

30.    On October 26, 2020, a second camera previously placed by ALEXANDER was discovered in the bathroom of the Crestwood Aspen Dental and was turned over to the Crestwood Police Department.

31.    At all times relevant, ASPEN DENTAL, ABD, and BRIER, and each of them, had a duty to exercise reasonable care in the hiring of employees to ensure the safety and well-being of others.

32.    Prior to allowing ALEXANDER to work on their behalf, ASPEN DENTAL, ABD, and BRIER, and each of them failed to perform an adequate criminal background check as to ALEXANDER and/or failed to appreciate the findings set forth in the criminal background check obtained prior to hiring ALEXANDER.

FILED DATE: 12/30/2020 12:45 PM   2020L013848

### Count 1 – Negligent Hiring v. ASPEN DENTAL

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and complaining of the Defendant, ASPEN DENTAL MANAGEMENT, INC. ("ASPEN DENTAL"), and in support thereof, states as follows:

32.     Plaintiff realleges paragraphs 1-32 of the Facts Common to All Counts as paragraph 32 of Count 1.

33.     At all times relevant, ASPEN DENTAL knew or should have known that ALEXANDER had a criminal background exhibiting moral turpitude that made him unfit to be a dental hygienist at the Crestwood Aspen Dental.

34.     At all times relevant, ASPEN DENTAL knew or should have known that ALEXANDER was unfit to be a dental hygienist at Crestwood Aspen Dental.

35.     At all times relevant, ASPEN DENTAL had a duty to exercise ordinary care in the hiring of its employees and agents, including ALEXANDER, so as not to endanger the health, welfare, and safety of members of the public, including JANE ROE.

36.     At all times relevant, ASPEN DENTAL had a duty to perform adequate background checks on employees and/or agents prior to allowing them to work at Crestwood Aspen Dental.

37.     Notwithstanding this duty, at all times relevant ASPEN DENTAL was guilty of one or more of the following acts and/or omissions:

     a.  Failed to perform an adequate background check on ALEXANDER;

     b.  Failed to properly investigate the facts surrounding the arrest of ALEXANDER;

     c.  Failed to adequately investigate ALEXANDER's prior job history:

     d.  Failed to adequately inquire of ALEXANDER into his criminal history;

     e.  Failed to adequately inquire of ALEXANDER into his history of trespass; or

FILED DATE: 12/30/2020 12:45 PM    2020L013848

  f. Was otherwise negligent.

38. As a during and proximate result of each of the aforementioned acts and omissions, JANE ROE was filmed by ALEXANDER while using the restroom at Crestwood Aspen Dental, which has caused her to suffer severe emotional distress and physical distress, racing heart rate, insomnia, stomach pains, fatigue, emotional trauma, shock, embarrassment, loss of self-esteem, mental harm, and emotional harm, all of which remain ongoing, loss of enjoyment of life, and has been prevented and will continue to be prevented from obtaining the full enjoyment of life..

WHEREFORE, Plaintiff, JANE ROE, prays that this Court enter judgment in her favor and against Defendant, ASPEN DENTAL MANAGEMENT, INC., in an amount in excess of $50,000.00, plus costs.

## Count 2 – Negligent Hiring v. ABD

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and complaining of the Defendant, ABD DENTAL ASSOCIATES, LLC ("ABD"), and in support thereof, states as follows:

32. Plaintiff realleges paragraphs 1-32 of the Facts Common to All Counts as paragraph 32 of Count 2.

33. At all times relevant, ABD knew or should have known that ALEXANDER had a criminal background exhibiting moral turpitude that made him unfit to be a dental hygienist at the Crestwood Aspen Dental.

34. At all times relevant, ABD knew or should have known that ALEXANDER was unfit to be a dental hygienist at Crestwood Aspen Dental.

35. At all times relevant, ABD had a duty to exercise ordinary care in the hiring of its employees and agents, including ALEXANDER, so as not to endanger the health, welfare, and safety of members of the public, including JANE ROE.

36.     At all times relevant, ABD had a duty to perform adequate background checks on employees and/or agents prior to allowing them to work at Crestwood Aspen Dental.

37.     Notwithstanding this duty, at all times relevant ABD was guilty of one or more of the following acts and/or omissions:

    a.  Failed to perform an adequate background check on ALEXANDER;

    b.  Failed to properly investigate the facts surrounding the arrest of ALEXANDER;

    c.  Failed to adequately investigate ALEXANDER's prior job history:

    d.  Failed to adequately inquire of ALEXANDER into his criminal history;

    e.  Failed to adequately inquire of ALEXANDER into his history of trespass; or

    f.  Was otherwise negligent.

38.     As a during and proximate result of each of the aforementioned acts and omissions, JANE ROE was filmed by ALEXANDER while using the restroom at Crestwood Aspen Dental, which has caused her to suffer severe emotional distress and physical distress, racing heart rate, insomnia, stomach pains, fatigue, emotional trauma, shock, embarrassment, loss of self-esteem, mental harm, and emotional harm, all of which remain ongoing, loss of enjoyment of life, and has been prevented and will continue to be prevented from obtaining the full enjoyment of life..

WHEREFORE, Plaintiff, JANE ROE, prays that this Court enter judgment in her favor and against Defendant, ABD DENTAL ASSOCIATES, LLC, in an amount in excess of $50,000.00, plus costs.

## Count 3 – Negligent Hiring v. BRIER

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and complaining of the Defendant, ABIGAIL BRIER, D.M.D. ("BRIER"), and in support thereof, states as follows:

32.     Plaintiff realleges paragraphs 1-32 of the Facts Common to All Counts as paragraph

FILED DATE: 12/30/2020 12:45 PM   2020L013848

FILED DATE: 12/30/2020 12:45 PM   2020L013848

32 of Count 3.

33.     At all times relevant, BRIER knew or should have known that ALEXANDER had a criminal background exhibiting moral turpitude that made him unfit to be a dental hygienist at the Crestwood Aspen Dental.

34.     At all times relevant, BRIER knew or should have known that ALEXANDER was unfit to be a dental hygienist at Crestwood Aspen Dental.

35.     At all times relevant, BRIER had a duty to exercise ordinary care in the hiring of its employees and agents, including ALEXANDER, so as not to endanger the health, welfare, and safety of members of the public, including JANE ROE.

36.     At all times relevant, BRIER had a duty to perform adequate background checks on employees and/or agents prior to allowing them to work at Crestwood Aspen Dental.

37.     Notwithstanding this duty, at all times relevant BRIER was guilty of one or more of the following acts and/or omissions:

   a.   Failed to perform an adequate background check on ALEXANDER;

   b.   Failed to properly investigate the facts surrounding the arrest of ALEXANDER;

   c.   Failed to adequately investigate ALEXANDER's prior job history:

   d.   Failed to adequately inquire of ALEXANDER into his criminal history;

   e.   Failed to adequately inquire of ALEXANDER into his history of trespass; or

   f.   Was otherwise negligent.

38.     As a during and proximate result of each of the aforementioned acts and omissions, JANE ROE was filmed by ALEXANDER while using the restroom at Crestwood Aspen Dental, which has caused her to suffer severe emotional distress and physical distress, racing heart rate, insomnia, stomach pains, fatigue, emotional trauma, shock, embarrassment, loss of self-esteem, mental harm, and emotional harm, all of which remain ongoing, loss of enjoyment of life, and has

been prevented and will continue to be prevented from obtaining the full enjoyment of life..

WHEREFORE, Plaintiff, JANE ROE, prays that this Court enter judgment in her favor and against Defendant, ABIGAIL BRIER, D.M.D., in an amount in excess of $50,000.00, plus costs.

### Count 4 – Negligent Supervision v. ASPEN DENTAL

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and complaining of the Defendant, ASPEN DENTAL MANAGEMENT, INC. ("ASPEN DENTAL"), and in support thereof, states as follows:

32.     Plaintiff realleges paragraphs 1-32 of the Facts Common to All Counts as paragraph 32 of Count 4.

33.     At all times relevant, ASPEN DENTAL knew or should have known that ALEXANDER had a criminal background exhibiting moral turpitude that made him unfit to be a dental hygienist at the Crestwood Aspen Dental.

34.     At all times relevant, ASPEN DENTAL knew or should have known that ALEXANDER was unfit to be a dental hygienist at Crestwood Aspen Dental.

35.     At all times relevant, ASPEN DENTAL had a duty to exercise ordinary care in the hiring of its employees and agents, including ALEXANDER, so as not to endanger the health, welfare, and safety of members of the public, including JANE ROE.

36.     At all times relevant, ASPEN DENTAL had a duty to perform adequate background checks on employees and/or agents prior to allowing them to work at Crestwood Aspen Dental.

37.     At all times relevant, ASPEN DENTAL, after hiring ALEXANDER, had a duty to exercise reasonable care in the supervision of its employee, ALEXANDER.

38.      Notwithstanding this duty, at all times relevant ASPEN DENTAL was guilty of

FILED DATE: 12/30/2020 12:45 PM   2020L013848

FILED DATE: 12/30/2020 12:45 PM    2020L013848

one or more of the following acts and/or omissions:

     a.   Failed to supervise ALEXANDER so as to prevent unwanted and unauthorized filming of employees and members of the public in the restroom;

     b.   Failed to adequately supervise ALEXANDER;

     c.   Failed to terminate ALEXANDER when it knew or should have known that he was a threat to the safety of the staff and customers of Crestwood Aspen Dental; or

     d.   Was otherwise negligent.

39.    As a during and proximate result of each of the aforementioned acts and omissions, JANE ROE was filmed by ALEXANDER while using the restroom at Crestwood Aspen Dental, which has caused her to suffer severe emotional distress and physical distress, racing heart rate, insomnia, stomach pains, fatigue, emotional trauma, shock, embarrassment, loss of self-esteem, mental harm, and emotional harm, all of which remain ongoing, loss of enjoyment of life, and has been prevented and will continue to be prevented from obtaining the full enjoyment of life..

WHEREFORE, Plaintiff, JANE ROE, prays that this Court enter judgment in her favor and against Defendant, ASPEN DENTAL MANAGEMENT, INC., in an amount in excess of $50,000.00, plus costs.

### Count 5 – Negligent Supervision v. ABD

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and complaining of the Defendant, ABD DENTAL ASSOCIATES, LLC ("ABD"), and in support thereof, states as follows:

32.    Plaintiff realleges paragraphs 1-32 of the Facts Common to All Counts as paragraph 32 of Count 5.

33.    At all times relevant, ABD knew or should have known that ALEXANDER had a criminal background exhibiting moral turpitude that made him unfit to be a dental hygienist at the

FILED DATE: 12/30/2020 12:45 PM   2020L013848

Crestwood Aspen Dental.

34.     At all times relevant, ABD knew or should have known that ALEXANDER was unfit to be a dental hygienist at Crestwood Aspen Dental.

35.     At all times relevant, ABD had a duty to exercise ordinary care in the hiring of its employees and agents, including ALEXANDER, so as not to endanger the health, welfare, and safety of members of the public, including JANE ROE.

36.     At all times relevant, ABD had a duty to perform adequate background checks on employees and/or agents prior to allowing them to work at Crestwood Aspen Dental.

37.     At all times relevant, ABD, after hiring ALEXANDER, had a duty to exercise reasonable care in the supervision of its employee, ALEXANDER.

38.     Notwithstanding this duty, at all times relevant ABD was guilty of one or more of the following acts and/or omissions:

     a.  Failed to supervise ALEXANDER so as to prevent unwanted and unauthorized filming of employees and members of the public in the restroom;

     b.  Failed to adequately supervise ALEXANDER;

     c.  Failed to terminate ALEXANDER when it knew or should have known that he was a threat to the safety of the staff and customers of Crestwood Aspen Dental; or

     d.  Was otherwise negligent.

39.     As a during and proximate result of each of the aforementioned acts and omissions, JANE ROE was filmed by ALEXANDER while using the restroom at Crestwood Aspen Dental, which has caused her to suffer severe emotional distress and physical distress, racing heart rate, insomnia, stomach pains, fatigue, emotional trauma, shock, embarrassment, loss of self-esteem, mental harm, and emotional harm, all of which remain ongoing, loss of enjoyment of life, and has been prevented and will continue to be prevented from obtaining the full enjoyment of life..

FILED DATE: 12/30/2020 12:45 PM  2020L013848

WHEREFORE, Plaintiff, JANE ROE, prays that this Court enter judgment in her favor and against Defendant, ABD DENTAL ASSOCIATES, LLC, in an amount in excess of $50,000.00, plus costs.

### Count 6 – Negligent Supervision v. BRIER

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and complaining of the Defendant, ABIGAIL BRIER, D.M.D. ("BRIER"), and in support thereof, states as follows:

32.     Plaintiff realleges paragraphs 1-32 of the Facts Common to All Counts as paragraph 32 of Count 6.

33.     At all times relevant, BRIER knew or should have known that ALEXANDER had a criminal background exhibiting moral turpitude that made him unfit to be a dental hygienist at the Crestwood Aspen Dental.

34.     At all times relevant, BRIER knew or should have known that ALEXANDER was unfit to be a dental hygienist at Crestwood Aspen Dental.

35.     At all times relevant, BRIER had a duty to exercise ordinary care in the hiring of its employees and agents, including ALEXANDER, so as not to endanger the health, welfare, and safety of members of the public, including JANE ROE.

36.     At all times relevant, BRIER had a duty to perform adequate background checks on employees and/or agents prior to allowing them to work at Crestwood Aspen Dental.

37.     At all times relevant, BRIER, after hiring ALEXANDER, had a duty to exercise reasonable care in the supervision of its employee, ALEXANDER.

38.     Notwithstanding this duty, at all times relevant BRIER was guilty of one or more of the following acts and/or omissions:

a.  Failed to supervise ALEXANDER so as to prevent unwanted and unauthorized filming of employees and members of the public in the restroom;

FILED DATE: 12/30/2020 12:45 PM    2020L013848

      b.   Failed to adequately supervise ALEXANDER;

      c.   Failed to terminate ALEXANDER when it knew or should have known that he was a threat to the safety of the staff and customers of Crestwood Aspen Dental; or

      d.   Was otherwise negligent.

39.     As a during and proximate result of each of the aforementioned acts and omissions, JANE ROE was filmed by ALEXANDER while using the restroom at Crestwood Aspen Dental, which has caused her to suffer severe emotional distress and physical distress, racing heart rate, insomnia, stomach pains, fatigue, emotional trauma, shock, embarrassment, loss of self-esteem, mental harm, and emotional harm, all of which remain ongoing, loss of enjoyment of life, and has been prevented and will continue to be prevented from obtaining the full enjoyment of life..

WHEREFORE, Plaintiff, JANE ROE, prays that this Court enter judgment in her favor and against Defendant, ABIGAIL BRIER, D.M.D., in an amount in excess of $50,000.00, plus costs.

## Count 7 – Intrusion Upon Seclusion v. ALEXANDER

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and complaining of the Defendant, ARMANI ALEXANDER ("ALEXANDER"), states as follows:

32.     Plaintiff realleges paragraphs 1-32 of the Facts Common to All Counts as paragraph 32 of Count 7.

33.     The filming of JANE ROE while using the restroom was not authorized by JANE ROE.

34.     The filming of JANE ROE while using the restroom constitutes the type of intrusion that is offensive to a reasonable person.

35.     The filming of JANE ROE while using the restroom without her consent constitutes

the filming of a private matter.

36.     As a result of the above-outlined unauthorized intrusion upon her seclusion, JANE ROE was caused to suffer severe emotional distress and physical distress, racing heart rate, insomnia, stomach pains, fatigue, emotional trauma, shock, embarrassment, loss of self-esteem, mental harm, and emotional harm, all of which remain ongoing, loss of enjoyment of life, and has been prevented and will continue to be prevented from obtaining the full enjoyment of life..

WHEREFORE, Plaintiff, JANE ROE, prays that this Court enter judgment in her favor and against Defendant, ARMANI ALEXANDER, in an amount in excess of $50,000.00, plus costs.

## Count 8 – Intrusion Upon Seclusion v. ASPEN DENTAL

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and complaining of the Defendant, ASPEN DENTAL MANAGEMENT, INC. ("ASPEN DENTAL"), and in support thereof, states as follows:

35.     Plaintiff realleges and repleads paragraphs 1-35 of Count 7 as paragraph 35 of Count 8.

36.     At all times relevant, ALEXANDER was acting within the scope of his employment and or agency relationship with ASPEN DENTAL.

37.     As a result of the above-outlined unauthorized intrusion upon her seclusion, JANE ROE was caused to suffer severe emotional distress and physical distress, racing heart rate, insomnia, stomach pains, fatigue, emotional trauma, shock, embarrassment, loss of self-esteem, mental harm, and emotional harm, all of which remain ongoing, loss of enjoyment of life, and has

FILED DATE: 12/30/2020 12:45 PM    2020L013848

been prevented and will continue to be prevented from obtaining the full enjoyment of life..

WHEREFORE, Plaintiff, JANE ROE, prays that this Court enter judgment in her favor and against Defendant, ASPEN DENTAL MANAGEMENT, INC., in an amount in excess of $50,000.00, plus costs.

### Count 9 – Intrusion Upon Seclusion v. ABD

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and complaining of the Defendant, ABD DENTAL ASSOCIATES, LLC ("ABD"), and in support thereof, states as follows:

35.     Plaintiff realleges and repleads paragraphs 1-35 of Count 7 as paragraph 35 of Count 9.

36.     At all times relevant, ALEXANDER was acting within the scope of his employment and or agency relationship with ABD.

37.     As a result of the above-outlined unauthorized intrusion upon her seclusion, JANE ROE was caused to suffer severe emotional distress and physical distress, racing heart rate, insomnia, stomach pains, fatigue, emotional trauma, shock, embarrassment, loss of self-esteem, mental harm, and emotional harm, all of which remain ongoing, loss of enjoyment of life, and has been prevented and will continue to be prevented from obtaining the full enjoyment of life..

WHEREFORE, Plaintiff, JANE ROE, prays that this Court enter judgment in her favor and against Defendant, ABD DENTAL ASSOCIATES, LLC, in an amount in excess of $50,000.00, plus costs

### Count 10 – Intrusion Upon Seclusion v. BRIER

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and complaining of the Defendant, ABIGAIL BRIER, D.M.D. ("BRIER"), and in support thereof, states as follows:

FILED DATE: 12/30/2020 12:45 PM   2020L013848

35.     Plaintiff realleges and repleads paragraphs 1-35 of Count 7 as paragraph 35 of Count 10.

36.     At all times relevant, ALEXANDER was acting within the scope of his employment and or agency relationship with BRIER.

37.     As a result of the above-outlined unauthorized intrusion upon her seclusion, JANE ROE was caused to suffer severe emotional distress and physical distress, racing heart rate, insomnia, stomach pains, fatigue, emotional trauma, shock, embarrassment, loss of self-esteem, mental harm, and emotional harm, all of which remain ongoing, loss of enjoyment of life, and has been prevented and will continue to be prevented from obtaining the full enjoyment of life..

WHEREFORE, Plaintiff, JANE ROE, prays that this Court enter judgment in her favor and against Defendant, ABIGAIL BRIER, D.M.D.,  in an amount in excess of $50,000.00, plus costs.

### Count 11 – Intentional Infliction of Emotional Distress v. ALEXANDER

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and complaining of the Defendant, ARMANI ALEXANDER ("ALEXANDER"), states as follows:

32.     Plaintiff realleges paragraphs 1-32 of the Facts Common to All Counts as paragraph 32 of Count 11.

33.     The filming of JANE ROE while using the restroom without her authorization constitutes extreme and outrageous conduct.

34.     The filming of JANE ROE while using the restroom without her consent was done with intent to cause emotional distress.

35.     The filming of JANE ROE while using the restroom without her consent was done with conscious and/or reckless disregard as to the probability that such action would cause extreme

emotional distress.

36.    As a result of the filming of JANE ROE while using the restroom without her consent, JANE ROE was caused to suffer severe emotional distress and physical distress, racing heart rate, insomnia, stomach pains, fatigue, emotional trauma, shock, embarrassment, loss of self-esteem, mental harm, and emotional harm, all of which remain ongoing, loss of enjoyment of life, and has been prevented and will continue to be prevented from obtaining the full enjoyment of life..

WHEREFORE, Plaintiff, JANE ROE, prays that this Court enter judgment in her favor and against Defendant, ARMANI ALEXANDER, in an amount in excess of $50,000.00, plus costs.

### Count 12 – Intentional Infliction of Emotional Distress v. ASPEN DENTAL

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and complaining of the Defendant, ASPEN DENTAL MANAGEMENT, INC. ("ASPEN DENTAL"), and in support thereof, states as follows:

35.    Plaintiff realleges and repleads paragraphs 1-35 of Count 11 as paragraph 35 of Count 12.

36.    At all times relevant, ALEXANDER was acting within the scope of his employment and or agency relationship with ASPEN DENTAL.

37.    As a result of the filming of JANE ROE while using the restroom without her consent, JANE ROE was caused to suffer severe emotional distress and physical distress, racing heart rate, insomnia, stomach pains, fatigue, emotional trauma, shock, embarrassment, loss of self-esteem, mental harm, and emotional harm, all of which remain ongoing, loss of enjoyment of life, and has been prevented and will continue to be prevented from obtaining the full enjoyment of

FILED DATE: 12/30/2020 12:45 PM    2020L013848

FILED DATE: 12/30/2020 12:45 PM   2020L013848

life..

WHEREFORE, Plaintiff, JANE ROE, prays that this Court enter judgment in her favor and against Defendant, ASPEN DENTAL MANAGEMENT, INC., in an amount in excess of $50,000.00, plus costs.

### Count 13 – Intentional Infliction of Emotional Distress v. ABD

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and complaining of the Defendant, ABD DENTAL ASSOCIATES, LLC ("ABD"), and in support thereof, states as follows:

35.     Plaintiff realleges and repleads paragraphs 1-35 of Count 11 as paragraph 35 of Count 13.

36.     At all times relevant, ALEXANDER was acting within the scope of his employment and or agency relationship with ABD.

37.     As a result of the filming of JANE ROE while using the restroom without her consent, JANE ROE was caused to suffer severe emotional distress and physical distress, racing heart rate, insomnia, stomach pains, fatigue, emotional trauma, shock, embarrassment, loss of self-esteem, mental harm, and emotional harm, all of which remain ongoing, loss of enjoyment of life, and has been prevented and will continue to be prevented from obtaining the full enjoyment of life..

WHEREFORE, Plaintiff, JANE ROE, prays that this Court enter judgment in her favor and against Defendant, ABD DENTAL ASSOCIATES, LLC, in an amount in excess of $50,000.00, plus costs

### Count 14 – Intentional Infliction of Emotional Distress v. BRIER

FILED DATE: 12/30/2020 12:45 PM   2020L013848

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and complaining of the Defendant, ABIGAIL BRIER, D.M.D. ("BRIER"), and in support thereof, states as follows:

35.     Plaintiff realleges and repleads paragraphs 1-35 of Count 11 as paragraph 35 of Count 14.

36.     At all times relevant, ALEXANDER was acting within the scope of his employment and or agency relationship with BRIER.

37.     As a result of the filming of JANE ROE while using the restroom without her consent, JANE ROE was caused to suffer severe emotional distress and physical distress, racing heart rate, insomnia, stomach pains, fatigue, emotional trauma, shock, embarrassment, loss of self-esteem, mental harm, and emotional harm, all of which remain ongoing, loss of enjoyment of life, and has been prevented and will continue to be prevented from obtaining the full enjoyment of life..

WHEREFORE, Plaintiff, JANE ROE, prays that this Court enter judgment in her favor and against Defendant, ABIGAIL BRIER, D.M.D.

### Count 15 – Respondent-in-discovery – HIRERIGHT, LLC

Plaintiff, JANE ROE, by and through her attorneys, Dudley & Lake, LLC, and designates HIRERIGHT, LLC, who is believed to have information essential to the determination of who should properly be named as additional defendants in this action pursuant to 735 ILCS 5/402, as respondent-in-discovery.

*Pursuant to Illinois Supreme Court Rule 222(b), the undersigned counsel for the plaintiff avers that the money damages herein sought exceed FIFTY THOUSAND ($50,000.00) DOLLARS.*

Respectfully submitted,

/s/ *Kevin J. Golden*

Kevin J. Golden (6210825)

FILED DATE: 12/30/2020 12:45 PM   2020L013848

Alex Campos (6308699)
Dudley & Lake, LLC
20 North Clark Street ~ Suite 720
Chicago, Illinois 60602
(312) 263-6300
Attorney No. 39679
kgolden@dudleylake.com
acampos@dudleylake.com